# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ALVIN MARK BEST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ARAMARK CORRECTIONAL )<br>SERVICES,LLC,[1] )<br>)<br>Defendants. ) | Case No. 2:14-cv-243-JMS-DKL |

## Entry Denying Motion to Dismiss

Plaintiff Alvin Mark Best brings this action pursuant to 42 U.S.C. § 1983 against Aramark Correctional Services, LLC ("Aramark") alleging that Aramark has violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him nutritionally adequate food.[2] As a result, Best alleges that he has hunger pains at night, loses sleep, and cannot maintain his desired weight. Aramark moves to dismiss. Best has moved to amend his complaint to acknowledge the correct name for the defendant, but has not otherwise responded to the motion to dismiss.

## Standard of Review

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) requires a

---

[1] The **clerk shall** amend the docket to reflect the defendant's correct name, Aramark Correctional Services, LLC, as explained by the defendant in the Notice of Removal. The plaintiff's motion to amend [dkt 7] is **granted** consistent with this ruling.

[2] Best initially filed this complaint in the Putnam Superior Court against Aramark, Stanley Knight, and Bruce Lemmon. After the claims against Stanley Knight and Bruce Lemmon were dismissed, Aramark removed the action to this Court.

plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *Id.* Although specific facts are not necessary, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007). Second, the complaint must set forth a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC,* 496 F.3d at 776 (citing *Bell Atl. Corp.,* 550 U.S. at 555–56, 569 n. 14). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, legal conclusions are not accepted as true. A pleading containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not do. *Iqbal*, 556 U.S. at 678. Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**Discussion**

Aramark, a private corporation, moves to dismiss Best's claims against it arguing that Best has not stated a claim for deliberate indifference, that it cannot be held liable for Best's alleged injuries, and that it is not a state actor subject to liability under § 1983.

A. *Deliberate Indifference*

Aramark first argues that Best's claims against it must be dismissed because Best has not sufficiently alleged an Eighth Amendment violation. A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson* v. *McMillian,* 503 U.S. 1, 5 (1992). A prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). While Best complains about receiving sack lunches, which on its own might not state a constitutional claim, he also alleges that he receives inadequate nutrition. He asserts that as a result, he has had hunger pains at night, lost sleep, and cannot maintain his desired weight. At the pleading stage, this is sufficient to state a claim for relief. *See French v. Owens,* 777 F.2d 1250, 1255 (7th Cir. 1985) (quoting *Ramos v. Lamm*, 639 F.2d 570-71 (10th Cir. 1980)) (inmates must be provided with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it").

B. *Aramark's Liability*

Aramark next argues that even if Best has been provided constitutionally inadequate food, Aramark is not liable for that deprivation. First, Aramark asserts that Best's allegation that "Aramark was notified about the problems through letters and prison grievances, but it fails to do anything about it," is insufficient to state a claim against Aramark. Aramark argues that "[e]ven if

Best sent letters or grievances to Aramark, that does not prove that Aramark was indifferent to his needs." But Best's allegation that Aramark was made aware of his complaints that the food he was being served was not meeting his nutritional needs and ignored those complaints alleges just that. This is sufficient to state a claim against Aramark. *See Twombly*, 550 U.S. at 556 (proof is not required at the pleading stage).

Aramark also argues that it cannot be held vicariously liable for the acts Best alleges. "[J]ust as a municipal corporation is not vicariously liable upon a theory of *respondent superior* for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). To state a claim for liability against a private corporation under § 1983, a plaintiff must sufficiently allege that the corporation had an unconstitutional policy or custom that was the moving force behind the constitutional violation. *Id.* The Supreme Court has explained that plaintiff must establish that "through its *deliberate* conduct, the municipality [or corporation] was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the [] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [] action and the deprivation of federal rights." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997). A causal link between the corporation's action and the constitutional violation can be shown by: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Chortek v. City of Milwaukee,* 356 F.3d 740, 748 (7th Cir. 2004)).

Here, Best's assertion that "Aramark is not providing nutritionally adequate food on a regular basis . . . ." is sufficient at the pleading stage to allege a "custom or usage" on the part of

Aramark to provide constitutionally inadequate meals. *See Jubeh v. Dart*, 11 C 3873, 2011 WL 6010267 (N.D. Ill. Nov. 29, 2011) (allegation that the unprotected covering of food and delays in delivering meals was and is a continuing condition that has existed since 2009 stated an official-capacity claim).

C. *State Actor*

Finally, Aramark argues that it cannot be held liable pursuant to 42 U.S.C. § 1983 because it is a private corporation and does not act under "color of state law" as required for liability under that statute. *See Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982) (explaining that the "color of state law" requirement excludes "merely private conduct, no matter how discriminatory or wrongful.") (internal quotation omitted). This doctrine "requires that a court find such a 'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009). Aramark argues that it has merely contracted with the Indiana Department of Correction ("DOC") to provide meals to the inmates under the direction of the DOC and that the traditional state function of providing meals to the inmates remains with the DOC. But this argument is based on a number of facts that are not alleged in the complaint or otherwise supported by the record. Because it is not appropriate as a general rule to look outside the pleadings in considering a motion to dismiss, see *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002), the Court will not consider Aramark's bald assertions regarding its contract with the DOC. Further, "[a]ddressing this same argument, several courts have held that Aramark may be considered a state actor under § 1983." *Jubeh v. Dart*, 11 C 3873, 2011 WL 6010267 (N.D. Ill. Nov. 29, 2011) (citing cases). Best claims that Aramark has failed to provide him with constitutionally adequate meals. At this stage of the

proceedings, the Court cannot hold that Aramark is not a state actor in these circumstances subject to liability under § 1983.

## Conclusion

In order to survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570 (2007). Best has done so here. Accordingly, Aramark's motion to dismiss [dkt 4] is **denied**.

**Aramark shall have twenty-one days from the date this Entry is issued to file an Answer to the complaint.**

**IT IS SO ORDERED.**

Date: October 6, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Alvin Mark Best
850121
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**