# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ALVIN MARK BEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-243-JMS-DKL |
| | ) |
| ARAMARK CORRECTIONAL SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

## Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Alvin Best, an inmate at the Putnamville Correctional Facility ("Putnamville") alleging that the defendant, Aramark Correctional Services, LLC, violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him nutritionally adequate food. Arguing that Mr. Best failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, Aramark moves for summary judgment.

## Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The Court views the facts

in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## Discussion

A. *Undisputed Facts*

At all times relevant to his claims in this suit, Mr. Best was incarcerated at Putnamville. As an inmate incarcerated with the Indiana Department of Correction, the Offender Grievance Process was available to him. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement. All inmates are made aware of the Offender Grievance Process during orientation and a copy of the Process is available in various locations within the prisons, including the law library.

The Offender Grievance Process consists of three stages. First, an inmate must attempt to resolve the grievance informally with officials at the facility. The informal resolution step is interactive, and requires the inmate to communicate with prison staff through open and courteous discussion before turning to the grievance process. If an inmate is unable to resolve his complaint informally, he may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Administrative Assistant of the facility. Inmates can obtain a grievance form by asking or sending a request to either to their case manager or a custody officer.

While incarcerated at Putnamville during the timeframe relevant to this action, Mr. Best filed an informal grievance regarding his diet on March 31, 2014. He filed a Level I formal grievance on April 29, 2014. He filed an appeal on May 27, 2014 and received a response to the appeal on June 3, 2014. Mr. Best filed his Complaint in the Putnam County Circuit Court on April 9, 2014.

B. *Exhaustion*

In support of the motion for summary judgment, Aramark argues that Mr. Best failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA") with respect to his claims.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

It is undisputed that Mr. Best had not completed the administrative remedy process before he filed this lawsuit. He therefore failed to exhaust his available administrative remedies before filing suit as required by the PLRA. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (The PLRA is routinely enforced by "dismissing a suit that begins too soon, even if a plaintiff exhausts his administrative remedies while the litigation is pending."). The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Best's action should not have been

brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

Aramark's motion for summary judgment [dkt 21] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/06/2015

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Alvin Mark Best
850121
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135

All electronically registered counsel